IN THE CIRCUIT COURT OF COLE COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KATHLEEN WEINSCHENK, WILLIAM KOTTMEYER, ROBERT PUND, AMANDA MULLANEY, RICHARD VON GLAHN, MAUDIE MAE HUGHES and GIVE MISSOURIANS A RAISE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MISSOURI and ROBIN CARNAHAN, SECRETARY OF STATE,<br><br>Defendants. | No. 06AC-CC00656<br><br>Division II |
| JACKSON COUNTY, MISSOURI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MISSOURI,<br><br>Defendant. | CONSOLIDATED WITH<br><br>No. 06AC-CC00587<br><br>Division II |

# JUDGMENT

This case involves the consolidation of two lawsuits challenging the constitutionality of Senate Bill 1014. The *Jackson County* suit claims that portions of SB 1014 violate Article X, Section 21 of the Missouri Constitution as it allegedly

imposes new mandates on local governments without an appropriation of state funds to cover increased costs. The *Weinschenk* suit includes a Hancock challenge but also claims that SB 1014 violates the Missouri Constitutional in multiple respects for interfering with the right to vote as guaranteed by the Missouri Constitution. This matter first came before the Court on August 21, 2006, when evidence was taken. Thereafter on August 28, 2006, Intervenors were permitted to intervene. Additional evidence was taken on September 1 and 6, 2006, and arguments were heard on September 6, 2006.

## VOTING RIGHTS CLAIMS

Prior to 2002, voters in Missouri, like a majority of other states, were generally not required to present any form of identification as a condition of voting. Rather, they were required only to identify themselves to the election judges, write their addresses and sign certificates furnished to the election judges by the election authorities.

In 2002, the legislature adopted the current version of Section 115.427, RSMo. It required that some form of identification be presented, but allowed any one of several forms of identification readily available to virtually all registered voters. They were:

1. Identification issued by the state of Missouri, an agency of the state, or a local election authority of the state ;

2. Identification issued by the United States government or agency thereof ;

3. Identification issued by an institution of higher education, including a university, college, vocational and technical school, located within the state of Missouri ;

4. A copy of a current utility bill, bank statement, government check, paycheck or other government document that contains the name and address of the voter ;

5. Driver's license or state identification card issued by another state ;

6. Other identification approved by the secretary of state under rules promulgated pursuant to subsection 3 of this section or other identification approved by federal law ; or

6. Personal knowledge of the voter by two supervising election judges, one from each major political party...on completion of an affidavit.

Thus, while photo ID's were permissible under the 2002 law, the types of photo ID's acceptable were numerous and photo ID's were not required exclusively. Voters were also free to use many other forms of identification, including such commonly available documents as a utility bill, bank statement, government check, paycheck, student identification card, and any identification card issued by the United States government, the state of Missouri, an agency thereof, or a local election authority. The latter form of identification could include the voter identification card mailed to registered voters. Even without any identification papers, a voter could still vote if the voter was personally known to two or more supervising election judges as long as the judges were from both major political parties.

Significantly, no complaints of voter fraud have been made since the passage of the 2002 law, nor have widespread concerns been raised that the forms of identification required by the 2002 law are unduly burdensome. The obvious reason for the lack of complaints about the ID requirements is that the many forms of identification permitted under the 2002 law meant that

registered voters were not required to take any affirmative steps to obtain acceptable identification because they already had it.

During the 2006 legislative session, the legislature determined to further revise the election laws and passed SB 1014. The new law eliminated many of the forms of identification that had previously been acceptable and established a strict photo ID requirement. Under the new law the only acceptable forms of Photo ID, are:

> (1) Nonexpired Missouri driver's license showing the name and a photograph or digital image of the individual; or
>
> (2) Nonexpired or nonexpiring Missouri nondriver's license showing the name and a photographic or digital image of the individual; or
>
> (3) A document that satisfies all of the following requirements:
>
> > (a) The document contains the name of the individual to whom the document was issued, and the name substantially conforms to the most recent signature in the individual's voter registration record;
> >
> > (b) The document shows a photographic or digital image of the individual;
> >
> > (c) The document includes an expiration date, and the document is not expired, or if expired, expired not before the date of the most recent general election; and
> >
> > (d) The document was issued by the United States or the state of Missouri; or

(4) Any identification containing a photographic or digital image of the individual which is issued by the Missouri National Guard, the United States armed forces, or the United States Department of Veteran Affairs to a member or former member of the Missouri National Guard or the United States armed forces and that does not have an expiration date.

For the vast majority of Missouri citizens, nonexpired Missouri driver licenses or so-called nondriver licenses will have to suffice for purposes of the new voter ID requirement. Whether such a requirement would have presented the same obstacles prior to 2005 is debatable. However, in 2005 the Missouri legislature changed and increased the documentation that a citizen would have to present in order to renew or obtain a new driver or nondriver license. Many Missouri citizens have yet to experience the newly-enacted renewal process as their licenses have not yet expired. Under the revised 2005 driver license law, three different forms of proof must now be presented by all citizens seeking or renewing a driver or nondriver license for the first time under the new law. Those are: Proof of Lawful Presence, Proof of Identity, and Proof of Residence.

For someone born in the United States, Proof of Lawful Presence can only be established by a U.S. passport (cost $97 to $236), or birth certificate certified with an embossed or raised seal by the state or municipality (cost $15 to $30). For U.S. citizens born in another country, the documentation for Proof of Lawful Presence is more expensive and requires a Certificate of

Citizenship, a Certificate of Naturalization, or a Certificate of Birth Abroad. Unlike Georgia where the court found that the state of Georgia had allowed for many alternative and cheaper documents as an alternative to birth certificates in order to establish identification, the only documents which may suffice in Missouri as an alternative to a birth certificate are documents that are more expensive than birth certificates.

The second category of proof required by the Missouri Departement of Revenue is Proof of Identity. To satisfy this category, an individual must present a U.S. passport, a Social Security card, or a Medicare card. For most citizens to establish Proof of Identity, this will mean obtaining a Social Security card. Not to be outdone by its state counterparts, the Social Security Administration is no shrinking violet when it comes to demanding documentation for one of its prized cards.

To obtain a Social Security card, an applicant must submit a completed application to the local Social Security office personally and provide at least two documents from the following satisfying the three categories identified:

    a)     Proof of U.S. citizenship: U.S. birth certificate, U.S. passport, Certificate of Naturalization or Certificate of Citizenship;

    b)     Proof of age: birth certificate, U.S. passport;

    c)     Proof of identity: U.S. driver's license; state-issued nondriver identification card or U.S. passport (document must be current (not expired) and show name, identifying information (date of birth or age) and preferably a recent photograph). If the person does not have one of these specific documents or cannot get a replacement for one of

    them within 10 days, other documents accepted for proof of identity are:

i) employee ID card;
ii) school ID card;
iii) health insurance card (not a Medicare card)
iv) U.S. military ID; or
v) adoption decree.

(Documents must be original or copies certified by the issuing agency. Proof of U. S. citizenship and age are not required for those requesting a replacement card.)

For persons whose names have changed (such as persons who have married or divorced and requested a change of name), an applicant must take or mail a completed application to the local Social Security office and must submit original documents (or copies certified by the issuing agency) from the following to show proof of the name change:

a) U.S. citizenship (if not previously established with Social Security) or immigration status;

b) Legal name change: marriage document; divorce decree specifically stating person may change her name; certificate of naturalization, or court order for a name change;

c) Identity: U.S. driver's license; state-issued nondriver identification card or U.S. passport (document must be current (not expired) and show name, identifying information (date of birth or age) and preferably a recent photograph).

(If documents do not give date of birth, age or recent photograph, person will need to produce one document with old name and a second document with the new legal name containing the identifying information (date of birth or age) or a recent photograph.)

Because of our societal custom of women modifying or changing their name in marriage, these documentation requirements will have a greater

disparate effect on women rather than men, regardless of their affluence. However, an even greater disparate effect will occur on poor women because of the financial burden entailed in acquiring certified copies of all the supporting documents. The fact that the state does not charge for the nondriver license itself (if obtained for the purpose of voting) does not avoid the constitutional issue or economic reality that voters will have to "buy" numerous government documents to get the "free" photo ID to qualify for the privilege of voting. While a license to drive may be just that: a license and not a right. The right to vote is also just that: a right and not a license.

Though the State's interest in establishing a person's identity as the person who is registered to vote is a legitimate government goal, that goal and the means employed to accomplish it must be weighed against the rights and interest of citizens' free exercise of their right to vote. The court does not question the motives of the proponents of the photo ID requirements and acknowledges the benefits of an identification system which increases voter confidence in the integrity of the electoral system. Differing perceptions and opinions about the effect of a strict photo ID system on suspect classes do not constitute proof of purposeful discrimination and court rejects plaintiffs' proof and arguments in support of it claims on counts V and VI.

In SB 1014, however, the legislature has chosen a scheme of identification that places little burden on the state. Unlike the photo ID laws in most other states, the Missouri law has few real alternatives to a state

issued ID, and places most of the burden on the citizen voter. Even the "exemption" for people born before 1941 is largely illusory as it requires the completion of an affidavit that the person is unable to obtain a photo ID because of their age: an oath to which many elderly persons would not or could not attest.

The photo ID burden placed on the voter may seem minor or inconsequential to the mainstream of our society for whom automobiles, driver licenses, and even passports are a natural part of everyday life. However, for the elderly, the poor, the under-educated, or otherwise disadvantaged, the burden can be great if not insurmountable, and it is those very people outside the mainstream of society who are the least equipped to bear the costs or navigate the many bureaucracies necessary to obtain the required documentation. For these many reasons, this court concludes that the voting restrictions imposed by SB 1014 impermissibly infringe on core voting right guaranteed by the Missouri Constitution

## HANCOCK CLAIMS

The Hancock issues in this case are more subtle and complex. The defendants correctly point out that the photo ID requirement of SB 1014 is an obligation that is imposed on the voter and does not constitute a new or expanded activity that is imposed on local government. In this argument they would be correct if SB 1014 did nothing more. However, in an attempt

to ameliorate some of the difficulties with the new photo ID requirement, SB 1014 also established provisional balloting under subsections 3 and 13 of section 115.427. These two subsections establish new provisional balloting to deal with the photo ID issues and are different from the provisional balloting which already existed under section 115.430 to address voter registration discrepancies in the voter registration lists. The provisional balloting and its implementation provided for in SB 1014 does constitute a new and expanded activity imposed on local government which must be funded if there are increased costs. On that issue the Court does find specific and credible evidence from three jurisdictions as to substantial increased costs associated with provisional balloting. With respect to the remaining 113 jurisdictions, however, the evidence of increased costs, though logical and credible, lacked the specificity required by the Missouri Supreme Court in the *City of Jefferson* and *Brooks* cases.

    The remedy for a proven Hancock violation is unique not only to Missouri constitutional law but as best this court can tell, to all state and federal constitutional law across the country. Much like a county by county option for liquor by the drink, a statute that violates the Hancock amendment is only unconstitutional in those counties that want to raise the objection while the statute remains "constitutional" in those counties that do not object. More importantly, the remedy for the counties that do object is simply that they are relieved of performing the unfunded mandated activity

while the rest of the statute remains in effect, i.e., counties would be relieved of providing for provisional balloting while the photo ID requirements remained in effect.

The specific relief being sought by the plaintiffs in the *Jackson County* case and count VII of the *Weinschenk* case for Hancock violations is a class certification of all 116 Missouri counties, a declaration that SB 1014 in its entirety is violative of Article X, Sections 16 – 22 of the Missouri Constitution, and a state-wide order preventing its enforcement. Bound by Missouri Supreme Court precedent as this Court is, the relief sought by plaintiffs is beyond the power of this court to grant as the remedy sought by plaintiffs is not a remedy that our Supreme Court has established for Hancock violations. Accordingly, the relief sought by plaintiffs is denied.

IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DECLARED, for the reasons set forth in this judgment and the accompanying Findings of Fact and Conclusions of Law, that the new Section 115.427, Mo. Rev. Stat. (2006) enacted in the Missouri Voter Protection Act, including its Photo ID Requirement, is UNCONSTITUTIONAL in that:

    (a)    It constitutes an impermissible additional qualification to vote in violation of Article VIII, Section 2 of the Missouri Constitution;

    (b)    It violates the prohibition on interference with the "free exercise of the right of suffrage" and the requirement that "all elections shall be free and open" contained in Article I, Section 25 of the Missouri Constitution;

(c) It requires the payment of money to vote, in violation of the Due Process and Equal Protection Clauses in Article I, Sections 10 and 2, respectively of the Missouri Constitution;

(d) It constitutes an undue burden on the fundamental right to vote that is not narrowly tailored to meet a compelling state interest, in violation of the Due Process and Equal Protection Clauses in Article I, Sections 10 and 2, respectively of the Missouri Constitution.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED :

In the *Wienschenk* case, judgment is entered in favor of plaintiffs against defendants on Counts I, II, III, and IV; judgment is entered in favor of defendants against plaintiffs on Counts V, VI, and VII. In the *Jackson County* case, judgment is entered in favor of defendants against plaintiffs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants State of Missouri and Robin Carnahan, Secretary of State, and those defendants' respective officers, agents, representatives, employees and successors, and all other persons in active concert and participation with Defendants in administering and certifying elections within the state of Missouri, including all local election officials, be and they hereby are RESTRAINED AND ENJOINED from implementing and enforcing the changes to Section 115.427 enacted in the Missouri Voter Protection Act, including the Photo ID Requirement.

IT IS FURTHER ORDERED that Defendant Robin Carnahan, Secretary of State, shall promptly provide actual notice of this judgment and

injunction to each of the 116 local election authorities in the State of Missouri.

All parties are to bear their own costs.

SO ORDERED THIS 14TH DAY OF SEPTEMBER, 2006.

Original Signed By
RICHARD G. CALLAHAN

Richard G. Callahan
Circuit Judge, Division II