IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DISABILITY RIGHTS MISSISSIPPI,
LEAGUE OF WOMEN VOTERS
OF MISSISSIPPI, WILLIAM EARL
WHITLEY, MAMIE CUNNINGHAM,
and YVONNE GUNN                                                                      PLAINTIFFS

CIVIL ACTION NO. 3:23CV-350-HTW-LGI

LYNN FITCH, in her official capacity as
Attorney General of the State of Mississippi;
MICHAEL D. WATSON, JR., in his official
Capacity as Secretary of State of Mississippi;
GERALD A. MUMFORD, in his official capacity
As Hinds County Attorney; and ELIZABETH
AUSBURN, in her official capacity as Chickasaw
County Attorney                                                                        DEFENDANTS

## ATTORNEY GENERAL LYNN FITCH AND SECRETARY OF STATE MICHAEL D. WATSON, JR.'S, ANSWER AND DEFENSES TO COMPLAINT

Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, and Michael D. Watson, Jr., in his official capacity as Secretary of State of Mississippi, (hereinafter collectively the "State Defendants") by and through counsel, file this their Separate Answer and Defenses to Plaintiffs' Complaint [Doc. 1] ("Complaint") filed against them by the plaintiffs, Disability Rights Mississippi, League of Women Voters of Mississippi, William Earl Whitley, Mamie Cunningham, and Yvonne Gunn (hereinafter collectively "Plaintiffs") herein, as follows:

### FIRST DEFENSE

Plaintiffs fail to state a claim against the State Defendants upon which relief can be granted.

**SECOND DEFENSE**

The State Defendants allege a lack of subject matter jurisdiction as to certain Plaintiffs.

**THIRD DEFENSE**

The State Defendants allege a misjoinder of parties and/or claims.

**FOURTH DEFENSE**

Some of the Plaintiffs lack standing and their claims should be dismissed for lack of subject matter jurisdiction.

**FIFTH DEFENSE**

The State Defendants affirmatively plead the doctrine of sovereign immunity and the provisions and protections of the Eleventh Amendment to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

**SIXTH DEFENSE**

The relief that Plaintiffs request is against the public interest.

**SEVENTH DEFENSE**

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Complaint paragraph by paragraph, the State Defendants answer and allege as follows:

1. Except to state that the law, where applicable, and voting patterns as determined from accurate sources, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Except to state that the law, where applicable, and the demographic features of the State of Mississippi, as determined from accurate sources and where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore deny the same.

4. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. The State Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. The State Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. The State Defendants deny the allegations contained in the first sentence of Paragraph 10 of the Complaint. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. The State Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. The State Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Except to state that the demographic features of the State of Mississippi, as determined from accurate sources and where applicable, will speak for themselves, the State Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. The State Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. The State Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 19 of Plaintiffs' Complaint and therefore deny the same. The remaining allegations contained in Paragraph 19 of the Complaint are denied.

20. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiffs' Complaint and therefore deny the same.

21. The State Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. The State Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Except to admit that Lynn Fitch is the Attorney General for the State of Mississippi, and that Michael D. Watson, Jr., is the Secretary of State of Mississippi, and that the law, where applicable speaks for itself, the State Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. The State Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiffs' Complaint and therefore deny the same.

33. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiffs' Complaint and therefore deny the same.

34. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiffs' Complaint and therefore deny the same.

35. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiffs' Complaint and therefore deny the same.

36. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiffs' Complaint and therefore deny the same.

37. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiffs' Complaint and therefore deny the same.

38. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore deny the same.

39. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore deny the same.

40. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiffs' Complaint and therefore deny the same.

41. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiffs' Complaint and therefore deny the same.

42. The State Defendants admit that Lynn Fitch is the Attorney General of the State of Mississippi. Plaintiffs' representation that Attorney General Fitch is sued solely in her official capacity is a statement of intent, and as such requires no response from the State Defendants. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. The State Defendants admit that Michael D. Watson, Jr., is the Secretary of State of Mississippi. Plaintiffs' representation that Secretary Watson is sued solely in his official capacity is a statement of intent, and as such requires no response from the State Defendants. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. The allegations contained in Paragraph 44 of the Complaint are directed to a co-defendant and require no response from the State Defendants. To the extent that an answer is later deemed required, and to the further extent that the allegations are construed to adversely affect the State Defendants, the same are denied.

45. The allegations contained in Paragraph 45 of the Complaint are directed to a co-defendant and require no response from the State Defendants. To the extent that an answer is later

deemed required, and to the further extent that the allegations are construed to adversely affect the State Defendants, the same are denied.

46. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54. The State Defendants admit that S.B. 2358 speaks for itself and that the law will take effect on July 1, 2023.

55. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. The State Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. The State Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Except to state that the demographic features of the State of Mississippi, as determined from accurate sources and where applicable, will speak for themselves, the State Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59. Except to state that the demographic features and voting figures for the State of Mississippi, as determined from accurate sources and where applicable, will speak for themselves, the State Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Except to state that the voting figures for the State of Mississippi, as determined from accurate sources and where applicable will speak for themselves, the State Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 61 of Plaintiffs' Complaint and therefore deny the same. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the remaining allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 62 of Plaintiffs' Complaint and therefore deny the same. The State Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. The State Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. The State Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. The State Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. The State Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 67 of Plaintiffs' Complaint and therefore

deny the same. The State Defendants deny the remaining allegations contained in Paragraph 67 of the Complaint.

68. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of Plaintiffs' Complaint and therefore deny the same.

69. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of Plaintiffs' Complaint and therefore deny the same.

70. The State Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiffs' Complaint and therefore deny the same.

71. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. The State Defendants adopt and incorporate by reference their defenses and answers to the allegations contained in the preceding paragraphs in response to the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. The State Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. The State Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. The State Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Except to state that the law, where applicable, will speak for itself, the State Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81. The State Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. The State Defendants deny the allegations contained in Paragraph 82 of the Complaint.

The State Defendants deny the allegations contained in the unnumbered paragraph and Sub-paragraphs (1) through (6) thereunder, following Paragraph 82 of Plaintiffs' Complaint under the heading "PRAYER FOR RELIEF" and commencing "WHEREFORE," and the State Defendants further deny that Plaintiffs, or any of them, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, interest, or costs, or to any sum or relief whatsoever of, from, or against the State Defendants, or any of them, herein.

### EIGHTH DEFENSE

The State Defendants deny each and every allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Defendants and/or secure declaratory relief, injunctive relief, or other relief, and State Defendants deny that they or their employees or agents have been or can be guilty of any actionable conduct in the premises.

### NINETH DEFENSE

The State Defendants deny that Plaintiffs are entitled to any relief commanding the State Defendants to undertake any particular action.

### TENTH DEFENSE

The State Defendants invoke any and all rights and protections afforded to State Defendants by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

**ELEVENTH DEFENSE**

Plaintiffs' Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

**TWELFTH DEFENSE**

The State Defendants invoke all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

**THIRTEENTH DEFENSE**

The State Defendants reserve the right to amend their answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendants do not waive, and further reserve, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against them herein, Lynn Fitch, in her official capacity as Attorney General of the State of Mississippi, and Michael D. Watson, Jr., in his official capacity as Secretary of State of Mississippi, respectfully request that they be dismissed with prejudice from this action with their costs assessed to Plaintiffs.

THIS the 22nd day of June, 2023.

    Respectfully submitted,

    LYNN FITCH, in her official capacity as Attorney General of Mississippi, and MICHAEL D. WATSON, JR., in his official capacity as Secretary of State of Mississippi

    By:    LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

    By:    s/Douglas T. Miracle

DOUGLAS T. MIRACLE (MSB # 9648)  
Assistant Attorney General

DOUGLAS T. MIRACLE (MSB # 9648)  
GERALD L. KUCIA (MSB # 8716)  
STATE OF MISSISSIPPI  
OFFICE OF THE ATTORNEY GENERAL  
Post Office Box 220  
Jackson, Mississippi  39205-0220  
Tel.:  (601) 359-5654  
doug.miracle@ago.ms.gov.  
Gerald.kucia@ago.ms.gov  

ATTORNEY FOR DEFENDANTS  

LYNN FITCH, in her official capacity  
as Attorney General of Mississippi,  
and MICHAEL D. WATSON, JR.,  
in his official capacity as Secretary  
of State of Mississippi  

## CERTIFICATE OF SERVICE

I, Douglas T. Miracle, Assistant Attorney General and one of the attorneys for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 22nd day of June, 2023.

s/Douglas T. Miracle  
Douglas T. Miracle