IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DISABILITY RIGHTS MISSISSIPPI,**
**LEAGUE OF WOMEN VOTERS**
**OF MISSISSIPPI, WILLIAM EARL**
**WHITLEY, MAMIE CUNNINGHAM**
**And YVONNE GUNN**                                                                  **PLAINTIFFS**

vs.                                                   CIVIL ACTION No.: 3:23-CV-350-HTW-LGI

**LYNN FITCH, in her official capacity as**
**Attorney General of the State of Mississippi;**
**MICHAEL D. WATSON, JR., in his official**
**capacity as Secretary of State of Mississippi;**
**GERALD A. MUMFORD, in his official**
**capacity as Hinds County Attorney; and**
**ELIZABETH AUSBERN, in her official**
**capacity as Chickasaw County Attorney**                                             **DEFENDANTS**

---

**ABBREVIATED ORDER ENJOINING MISSISSIPPI SENATE BILL 2358**

---

This court certainly appreciates that the State of Mississippi has a compelling interest in preserving the integrity of its election process. Rightfully so, open and free elections are critical to a society based upon a democracy responsive to the will of the majority. Accordingly, in Mississippi, as in all other 49 states operating under federal and state constitutions, this "exercise of the ballot" is sacrosanct, a right which is the muscle of our republic.

Predictably, when a law or regulation threatens this hallowed gem of citizenship, the citizenry fear a potential robbery of a precious right. The voting polls are expected to extend outstretched hands of welcome and provide unfettered access to conscientious citizens anxious to enjoy "participatory democracy"- whether those citizens be among the vulnerable and the disabled.

1

The federal government, obedient to this edith, has ordained laws to accomplish these sainted aims. Section 208 of the Voting Rights Act of 1965, 52 U.S.C. § 10508, is one such law. It reads:

> Any voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union.

Now Mississippi has determined to enunciate the identity of allowable assistors. The statute in question, Senate Bill 2358 ("S.B." 2358") reads, as follows:

> SECTION 1.
> (1) A person shall not knowingly collect and transmit a ballot that was mailed to another person, except as follows:
> (a) An election official while engaged in official duties as authorized by law.
> (b) An employee of the United States Postal Service while engaged in official duties as authorized by law.
> (c) Any other individual who is allowed by federal law to collect and transmit United States mail while engaged in official duties as authorized by law.
> (d) A family member, household member, or caregiver of the person to whom the ballot was mailed.
> (e) A common carrier that transports goods from one place to another for a fee. No parcel shall contain more than a single ballot.
> (2) Any violation of this section shall be subject to the penalties of Section 97-13-37.
>
> SECTION 2. This act shall take effect and be in force from and after July 1, 2023.

The interrogatory before this court is whether it should preliminarily enjoin the operation of this statute. This court holds that it should. The statute's prohibition, which requires criminal penalties, and the statute's unclear definition of key terms promise to deter otherwise lawful assistors from providing necessary aid to a vulnerable population.

Mississippi law permits, "[a]ny person who has a temporary or permanent physical disability and who, because of such disability, is unable to vote in person without substantial hardship to himself, herself or others, or whose attendance at the voting place could reasonably cause danger to himself, herself or others" to vote absentee. Miss. Code Ann. § 23-15-713(d).

On March 22, 2023, the Governor of the State of Mississippi signed into law S.B. 2358. The purported aim of this newly enacted law is to prohibit "ballot harvesting", a practice whereby a third-party collects and submits completed absentee or mail-in election ballots on behalf of registered voters. This third-party, arguably, could take advantage of a "vulnerable voter" by tampering with, or discarding, the voter's submission.

S.B. 2358 exempts from this ballot harvesting prohibition "family members", "household members", or "caregiver" of the person to whom the ballot was mailed. S.B. 2358(1)(d). The statute does not provide a definition for any of the above terms. The law also exempts election officials, employees of the United States Postal Service in their official duties, any other individual who is allowed by federal law to collect and transmit United States mail while engaged in their official duties, and common carriers that transport goods for a fee. S.B. 2358(1)(a) – (e).

The statute states that any violation of S.B. 2358 **shall** be subject to a criminal charge that includes imprisonment of up to one year in county jail and/or a fine up to $3,000 pursuant to Miss. Code Ann. § 97-13-37[1]. The County Attorney Defendants have "full responsibility" for prosecuting such offenses within their respective jurisdictions. *Id*. at § 19-23-11.

Plaintiffs herein include voters in need of voting assistance and organizations/individuals, who endeavor to provide that assistance[2]. Plaintiffs argue that S.B. 2358, a state law, conflicts with and frustrates the purpose of federal law: Section 208 of the VRA. As stated above, under Section

---

[1] Whoever shall procure, or endeavor to procure, the vote of any elector, or the influence of any person over other electors, at any election, for himself or any candidate, by means of violence, threats of violence, or threats of withdrawing custom, or dealing in business or trade, or of enforcing the payment of a debt, or of bringing a suit or criminal prosecution, or by any other threat or injury to be inflicted by him, or by his means, or shall violate any provision of Section 23-15-871 or 23-15-874, shall, upon conviction, be imprisoned in the county jail not more than one (1) year, or be fined not more than Three Thousand Dollars ($3,000.00), or both.
Miss. Code. Ann. § 97-13-37 (West).

[2] Organizational Plaintiffs: Disability Rights Mississippi; and League of Women Voters of Mississippi Individual Plaintiffs: William Earl Whitley; Mamie Cunningham; and Yvonne Gunn.

208 of the VRA, voters who require assistance with voting due to physical disabilities, blindness, or language barriers have a right to seek assistance from "any person they want," with only two specific exceptions: the assistor may not be (1) the voter's "employer or agent of that employer"; nor (2) " [an] officer or agent of [the voter's] union." *OCA Greater Houston v. Texas*, 867 F.3d 604, 607, 614 (5th Cir. 2017).

Plaintiffs, by way of a *Motion For Preliminary Injunction* **[Docket no. 2]** ask this court to issue an Order: (1) enjoining S.B. 2358 from going into effect on July 1, 2023[3]; (2) enjoining the Defendants from implementing or enforcing S.B. 2358 to the extent that it would prohibit voters who are disabled or blind or who have limited ability to read or write from receiving assistance from the person of their choice; and (3) enjoining the Defendants from issuing any instructions or communications—whether public or otherwise—indicating that voters may not seek assistance except for the categories listed in S.B. 2358. Plaintiffs further ask this court to order that Defendants issue "corrective instructions" to voters clarifying that those who require assistance due to blindness, disability, or difficulty reading or writing may seek assistance from "any person of their choice, except for the exclusions defined under Section 208 of the VRA."

In order to establish standing in a pre-enforcement challenge, such as the case *sub judice*, plaintiffs must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed" by the statute. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979). "[T]his type of self-censorship must arise from a fear of prosecution that is not 'imaginary or wholly speculative.' " *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 660 (5th Cir. 2006) (quoting *Babbitt*, 442 U.S. at 302, 99 S.Ct. 2301). The Defendants do not dispute that the individual Plaintiffs have standing to bring

---

[3] This court recognizes that July 1, 2023, has passed; however, it recognizes that this does effect this court's authority to issue an injunction for the upcoming 2023 primary and general Mississippi elections.

4

this lawsuit. The "presence of one party with standing is sufficient to satisfy Article III's case or controversy requirement." *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 53, 52 n.2 (2006); see *Arlington Heights v. Metropolitan Housing Development Corp*., 429 U.S. 252, 264, n.9 (1977).

S.B. 2358 includes criminal misdemeanor penalties for any violations. This court recognizes that while a "misdemeanor"[4] is not as serious a penalty as a "felony"[5], a misdemeanor on one's record can have unwelcome consequences. The statute provides that there **shall** be a criminal outcome for violations; it is not speculative or imaginary in nature. This court therefore finds, as it must, that the contents of the statute promise to chill the enthusiasm of those affected.

An estimated one in five adults, more than 850,000 people, in Mississippi suffer from a disability[6]. In the 2000 elections, over 100,000 Mississippians voted absentee by mail[7]. This court is sorely concerned with the effect of this statute upon these voters, due to the statute's broad and vague nature.

As previously stated, various terms in the statute are not defined. "Caregiver" causes the most grief. Who is a "caregiver"? Defendants submit that the American Medical Association defines "caregiver" as "any relative, partner, friend or neighbor who has a significant personal relationship with, and provides a broad range of assistance for a child or an adult with a chronic or disabling

---

[4] In Mississippi, a misdemeanor crime is one that is not punishable by imprisonment in State prison; rather, these "less serious crimes" generally are punishable by no more than one year in a County jail and/or a monetary fine. Some examples of misdemeanors include "simple assault", "disturbing the peace", "petit larceny", and "possession of less than 30 grams of marijuana."

[5] Under Mississippi jurisprudence, a felony is a crime punishable by imprisonment in a State penitentiary or death. These crimes include, *inter alia*, "first-degree murder", "grand larceny", "robbery", and "burglary of a residence".

[6] *See* Ctr. For Disease Control and Prevention, Disability & Health U.S. State Profile Data for Mississippi, https://www.cdc.gov/ncbddd/disabilityandhealth/impacts/mississippi.html (last visited July 24, 2023).

[7] Mississippi Absentee Voting Continues to Increase, AP News (Oct. 26, 2020), https://apnews.com/article/election-2020-mississippi-elections-voting-2020-votingfe4f5dfb95e37ee8dea94d70c2ead5f6.

condition." [Docket no. 17 at p. 2]. This court, however, cannot, from the language of the statute, ascertain whether the individual Plaintiffs who previously have provided assistance to eligible disabled voters for many years clearly meet that definition[8]. This court, further, has no guideposts as to which individuals may be deemed "family members" or "household members", the other exempted assistors. This statute, then, vests prosecuting authorities with broad discretion in relying upon their own definitions of these vital terms- caregiver, family members, or household members.

When questioned by this court, Defendants were unable to provide any data illustrating whether Mississippi has a widespread ballot harvesting problem. Seemingly, no fact-findings or committee-finding investigations or legislative committee inquiries have focused upon this perceived threat. This may explain why the definitional approach of the statute is so barren.

Plaintiffs, contrariwise, have provided this court with examples of how S.B. 2358, which subjects violators to criminal penalties, would deter eligible absentee voters in the upcoming 2023 state and local elections.

This court hereby temporarily enjoins the operation of S.B. 2358, satisfied that the Plaintiffs' submitted proof meets the standard for the issuance of an injunction as dictated by *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009), which held that a plaintiff is entitled to emergency injunctive relief where a plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury outweighs any harm the injunction might cause defendants; and (4) the injunction will not disserve the public interest. *Id*.

---

[8] For instance, Plaintiff Ms. Mamie Cunningham would not meet the purported American Medical Association definition set forth in Defendants' brief, because she does not provide "a broad range of assistance" to the voters she volunteers to help, such as cooking, feeding, cleaning, bathing, and other tasks that might be expected of a "caregiver." Ms. Cunningham, an 83-year-old retiree, submitted testimony that she assists about ten voters each election cycle. This court cannot ascertain that she could be serving as a "caregiver" to these ten different people, nor that she necessarily has a "significant personal relationship" with each voter as required by the definition in Defendants' brief.

6

**IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendants are hereby enjoined from applying Senate Bill 2358 in connection with the 2023 primary and/or general Mississippi elections.**

**IT IS FURTHER ORDERED that Defendants are enjoined from implementing or enforcing S.B. 2358 to the extent that it would prohibit voters who are disabled or blind or who have limited ability to read or write from receiving assistance from the person of their choice.**

**IT IS FURTHER requested that the Mississippi Secretary of State assist this court in the dissemination of information to the public clarifying this court's ORDER and its effect on S.B. 2358.**

**This court shall issue a more detailed Memorandum Opinion and Order, with additional facts and law, concerning its ruling herein.**

**SO ORDERED this the 25th day of July, 2023.**

**/s/HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE**